IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IMM HOLDINGS, LTD., | ) |
| *Plaintiff,* | ) ) ) No. 19 C 6451 |
| v. | ) ) Judge Virginia M. Kendall |
| HK PARTS, INC., | ) ) |
| *Defendant.* | ) ) ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff IMM Holdings, Ltd. filed suit against HK Parts, Inc. for trademark infringement, trademark counterfeiting, false labeling, false advertising, and false designation and origin in violation of the Lanham Act and the Illinois Uniform Deceptive Trade Practices Act. (Dkt. 1 at 10). HK Parts moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) and/or for improper venue pursuant to Rule 12(b)(3). (Dkt. 30 at 1). Alternatively, HK Parts moved to transfer this matter to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). (*Id.*). For the reasons below, this Court denies Defendant's Motions to Dismiss pursuant to Rules 12(b)(2) and 12(b)(3) and grants Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

1

## BACKGROUND

For purposes of this motion, the Court assumes that the following facts taken from the Complaint are true and views any factual disputes in favor of the plaintiff. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) (citing *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)).

IMM Holdings is an Illinois corporation with its principal place of business located in Elmhurst, Illinois. (Dkt. 1 at ¶ 3). IMM Holdings owns two United States Trademark registrations for "MATCH WEIGHT" and "MATCH WEIGHT BY IMM HOLDINGS and Design." (*Id.* at ¶ 4). IMM Holdings has sold goods—including "attachments" for firearms and holsters"—registered under the mark "MATCH WEIGHT" since 2013, primarily through its online website and third-party websites. (*Id.* at ¶ 4–5). HK Parts is a Utah corporation with its principal place of business in Draper, Utah. (*Id.* at ¶ 8). HK Parts conducts its business through its online website and third-party websites. (*Id.*). HK Parts has allegedly sold and marketed competing products identified under "Match Weight," to consumers nationwide, including Illinois. (*Id.*). HK Parts's website offers shipping of the infringing products across the United States, including Illinois. (*Id.* at ¶ 12). HK Parts's website also includes a webpage that identifies Illinois and describes Illinois law regulating HK Parts's products. (*Id.* at ¶ 2).

On September 27, 2019, IMM Holdings filed suit against HK Parts under provisions of the Lanham Act. (*Id.* at ¶ 1). Defendant now moves to dismiss the

Complaint or, in the alternative, to transfer the case to the District of Utah. (Dkt. 30 at 1).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) allows dismissal of a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A plaintiff is not required to anticipate a personal jurisdiction challenge in its complaint; though, once challenged, the plaintiff bears the burden of demonstrating personal jurisdiction. *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citing *Purdue Research Found. V. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). Whether the court holds an evidentiary hearing determines the nature of the plaintiff's burden. *Id.* When the court does not hold an evidentiary hearing and decides the defendant's Rule 12(b)(2) motion on the basis of written materials alone, the plaintiff must establish merely a *prima facie* case of personal jurisdiction. *Id.*; *see also Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) (citing *Purdue Research*, 338 F.3d at 782). In evaluating whether the plaintiff has satisfied the *prima facie* standard, the court must "take as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff." *Matlin*, 921 F.3d at 705 (quoting *Tamburo*, 601 F.3d at 700).

## DISCUSSION

Defendant moves to dismiss the Complaint on two grounds and alternatively moves to transfer venue. (Dkt. 30 at 1). First, HK Parts moves to dismiss the Complaint pursuant to Rule 12(b)(2) and Rule 12(b)(3) for lack of personal jurisdiction

3

and improper venue under 28 U.S.C. § 1391. (*Id.*) Alternatively, HK Parts moves to transfer venue pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). (*Id.*)

### a. Motion to Dismiss for Lack of Personal Jurisdiction

A court's exercise of personal jurisdiction may depend on the state long-arm statute or the federal Constitution. *Tamburo*, 601 F.3d at 700. Because "the Lanham Act does not authorize nationwide service of process, . . . a federal court sitting in Illinois may exercise jurisdiction over [the defendant] in this case only if authorized both by Illinois law and by the United States Constitution." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citation omitted). The Illinois long-arm statute allows a court to "exercise jurisdiction on any basis . . . permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill. Comp. Stat. 5/2-209(c). Because there is "no operative difference between . . . " the constitutional limits of the Illinois Constitution and the United States Constitution in terms of personal jurisdiction, the proper inquiry is whether this Court's exercise of personal jurisdiction over HK Parts complies with the limits imposed by the Fourteenth Amendment's Due Process Clause. *Curry*, 949 F.3d at 393 (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)). These limitations set by the Due Process Clause "protect an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985)). Thus, the question before the Court is whether HK Parts had "sufficient 'minimum contacts' with Illinois such that the

4

maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Tamburo*, 601 F.3d at 700–01 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In other words, HK Parts must have "purposely established minimum contacts" in Illinois such that it should "reasonably anticipate being haled into court" there. *Id.* (quoting *Burger King*, 471 U.S. at 474).

Personal jurisdiction may be general or specific. *Mobile Anesthesiologists*, 623 F.3d at 444. General personal jurisdiction is only proper "in the limited number of fora in which the defendant can be said to be 'at home.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). For a court to exercise specific personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must be "directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (citing *Tamburo*, 601 F.3d at 702).

For the reasons below, Plaintiff IMM Holdings met its burden to establish that this Court may exercise personal jurisdiction over HK Holdings. Therefore, the Court denies Defendant's Motion to Dismiss pursuant to Rule 12(b)(2).

### i. General Jurisdiction

This Court cannot exercise general jurisdiction over HK Parts because it lacks sufficient minimum contacts with Illinois to render it essentially at home. There are "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For general personal jurisdiction purposes, a corporation is considered "at home" in

its state of incorporation or the state of its principal place of business. *Advanced Tactical*, 751 F.3d at 800; *see also Daimler*, 571 U.S. at 137 ("With respect to a corporation, the place of incorporation and principal place of business are 'paradigm . . . bases for general jurisdiction.'"). However, proper exercise of general jurisdiction over corporations is not limited to those paradigm forums. *Daimler*, 571 U.S. at 137. A court may exercise general jurisdiction over a defendant when it has "affiliations with the State . . . so 'continuous and systematic' as to render it essentially at home in the forum state." *Id.* at 139 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). These contacts need not be related to the suit. *Brook*, 873 F.3d at 552. However, the contacts must be sufficiently "extensive and pervasive to approximate physical presence;" "sporadic" or "isolated" contacts are insufficient to establish general jurisdiction. *Tamburo*, 601 F.3d at 701. Because general jurisdiction may exist even when the defendant's conduct is entirely unrelated to the forum state, "it should not lightly be found." *Kipp*, 783 F.3d at 698. Plaintiff fails to meet this high threshold.

An out-of-state defendant may not be subject to all-purpose jurisdiction, even if it directs marketing and advertisements to that forum state. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010) (finding that placing billboards and advertisement in Illinois was insufficient to meet general jurisdiction). ).

Defendant HK Parts is neither incorporated nor has its principal place of business in Illinois. (Dkt. 1 at ¶ 8). Therefore, to establish general jurisdiction, HK Parts must have systematic and continuous contacts with Illinois sufficient to render

it at home there. HK Parts conducts business on an "interactive commercial online marketplace," www.HKParts.net, through which it has sold its goods to consumers within the United States, including Illinois. (*Id.*) HK Parts admits that its revenues from Illinois represent about 3.6% of total sales. (Dkt. 31-1 at ¶ 2). But these limited and sporadic contacts between HK Parts and Illinois are not "sufficiently extensive and pervasive to approximate physical presence." *Tamburo*, 601 F.3d at 701. HK Parts cannot be "treated as present in [Illinois] for . . . all purposes" merely because it operated of a website accessible to Illinois consumers and sold goods to Illinois consumers. *uBID*, 623 F.3d at 426. Therefore, Defendant is not subject to general jurisdiction in Illinois.

> **ii. Specific Jurisdiction**

There is a broader standard for specific jurisdiction that is limited by due process concerns from being "based on contacts with the forum that are random, fortuitous, or attenuated." *Id*. (citing *Burger King*, 471 U.S. at 475). There are three "essential requirements" for a court to exercise specific jurisdiction over an out-of-state defendant: (1) the defendant must have purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state, (2) the plaintiff's alleged injury must have arose out of the defendant's forum-related activities, and (3) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Curry*, 949 F.3d at 398 (quoting *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir.

2019)); *see also Tamburo*, 601 F.3d at 702. Plaintiff's Complaint adequately states a *prima facie* case for personal jurisdiction.

### 1. Purposeful Direction

The Seventh Circuit has held that a defendant's activities may be purposefully directed at the forum state even in the "absence of physical contacts" with the forum. *Curry*, 949 F.3d at 398 (quoting *Burger King*, 471 U.S. at 476). Evidence that the defendant directed its activities toward the forum state in a non-random fashion may demonstrate that the defendant purposefully availed itself of the benefits of conducting business there. *See id.* at 399. An example of a purposefully directed activity is a defendant causing its product to be distributed in the forum state. *Id.* The purposeful direction requirement prevents out-of-state defendants from being "bound to appear . . . for merely 'random, fortuitous, or attenuated contacts.'" *Id.* at 398.

Defendant HK Parts has purposefully directed its activities towards Illinois to support a finding of personal jurisdiction. HK Parts has no physical presence in Illinois. (Dkt. 1 at ¶ 8). HK Parts sells its goods nationwide through its interactive website and third-party websites. (*Id.* at ¶ 9). HK Parts's website offers shipping throughout the United States, including Illinois. (*Id.* at ¶ 12). Further, HK Parts's online store has a webpage that specifically identifies Illinois and describes the Illinois law that regulates HK Parts's products. (*Id.* at ¶ 2). Finally, HK Parts has sold its products to Illinois consumers. (*Id.* at ¶ 8). Although Defendant has not made physical contact with the Illinois, it has purposefully exploited the Illinois market in

8

a way that it should have reasonably foreseen its products being sold there. These are sufficient minimum contacts to meet the first requirement of specific personal jurisdiction. *Curry*, 949 F.3d at 399–400 (finding personal jurisdiction where defendant repeatedly sold items through interactive website to Illinois customers, despite not having physical presence in Illinois nor advertisements targeting Illinois consumers). Therefore, Plaintiff has satisfied the purposeful direction prong of specific jurisdiction.

### 2. Relatedness

For a court to exercise jurisdiction over an out-of-state defendant, the defendant's minimum contacts with the forum must be "suit related." *Curry*, 949 F.3d at 400 (quoting *Advanced Tactical*, 751 F.3d at 801); *see also Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017) (holding that there must be a connection between the forum state and the specific claims at issue). The contacts between HK Parts and Illinois are sufficiently related to the suit to support the Court's exercise of personal jurisdiction over Defendant.

In a trademark infringement action, the defendant's sale of a product that bears an allegedly infringing trademark in the forum state is a sufficiently related contact for specific jurisdiction purposes. In *Curry*, the Seventh Circuit recently held that the defendant's business activity in Illinois markets was sufficiently related to the underlying trademark infringement suit against it because the defendant's minimum contacts with Illinois included direct sales of its product which bore the allegedly infringing mark. 949 F.3d at 401. Plaintiff has met its burden in

9

establishing a connection between HK Parts's minimum contacts with Illinois and the underlying claims. Like Curry, IMM Holdings has brought this action for trademark infringement. (Dkt. 1 at ¶ 12). HK Parts's minimum contacts with Illinois include the sale of trademark infringing products, upon which IMM Holdings alleges its injury. (*Id.* at ¶ 13). Because Defendant's contacts in the forum state are related to the claims at issue, Plaintiff has established the second requirement for a *prima facie* case of personal jurisdiction.

### 3. Fair Play and Substantial Justice

The final requirement of the specific personal jurisdiction analysis is that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Curry*, 949 F.3d at 402 (quoting *Int'l Shoe*, 326 U.S. at 316). In making this determination, a court considers: (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining efficient resolution of the dispute, and (5) the shared interest of the states in furthering fundamental social policies. *Id.* (quoting *Purdue Research*, 338 F.3d at 781). However, these factors carry more weight when a defendant's forum-related contacts are relatively weak. *Id.* When a plaintiff has presented an adequate showing of minimum contacts, "that showing is generally defeated only where the defendant" demonstrates that exercise of jurisdiction would be unreasonable due to other considerations. *Id.* (citing *Burger King*, 471 U.S. at 477). There are no such

considerations in the present case that would render jurisdiction over HK Parts to be unreasonable.

There is no unfairness in subjecting an out-of-state corporate defendant to jurisdiction when the defendant has conducted its business nationwide and structured its marketing to easily serve the forum state's consumers. *See id.* The Court's exercise of personal jurisdiction over HK Parts does not offend fair play and substantial justice. Plaintiff has shown Defendant's minimum contacts and that they are related to Plaintiff's claims. HK Parts exploited the Illinois market by directing its business there and benefitting from the sale of infringing products. Thus, it is fair for HK Parts to defend a lawsuit in Illinois. Defendant has failed to establish a compelling case that would render this Court's exercise of jurisdiction unreasonable. Further, Illinois has an interest in redressing an Illinois corporation's injury suffered within the state by an out-of-state defendant.

For these reasons, Defendant is subject to personal jurisdiction in Illinois and its Motion to Dismiss pursuant to Rule 12(b)(2) is denied.

### b. Motion to Dismiss for Improper Venue

Defendant also moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(3). (Dkt. 30 at 1). Venue is proper in a judicial district (1) where the defendant resides, (2) where a substantial part of events or omissions giving rise to the claim occurred or where the property subject to the action is situated, or (3) where the defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b)(1)-(3). Because HK

11

Parts is subject to personal jurisdiction in this forum, Defendant's Motion to Dismiss pursuant to Rule 12(b)(3) is denied.

### c. Transfer

Finally, Defendants move to transfer this matter to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. 1404(a). (Dkt. 30 at 1). Because venue is proper here, Defendant's motion to transfer under § 1406(a) fails. 28 U.S.C. § 1406(a) (district courts "shall dismiss, or if it be in the interest of justice, transfer" a case when it is filed in an improper venue). Therefore, we will evaluate only Defendant's motion to transfer pursuant to § 1404(a).

Section 1404(a) permits courts to evaluate motions to transfer venue with a "flexible and individualized analysis." *Research Automation*, 626 F.3d at 978. A district court may transfer any civil action to another district where venue is proper for the convenience of the parties and witnesses and/or in the interest of justice. 28 U.S.C. § 1404(a). The interest of justice factors may be determinative, even where the convenience factors point in the opposite direction. *Research Automation*, 626 F.3d at 978. The overall weight of the convenience factors and justice factors support Defendant's motion to transfer to the District Court of Utah.

### i. Proper Venue in Transferee Court

Defendants argue that the District of Utah is a more appropriate venue for these proceedings. (Dkt. 31 at 10). First, we must determine if venue is proper in the proposed transferee court. Because Defendant is incorporated in Utah and has its principal place of business in Utah, the District Court of Utah may exercise

general personal jurisdiction over Defendant. Accordingly, venue is proper in that court under § 1391(b)(3).

    **ii.    Convenience of the Parties and Witnesses**

Next we must consider the convenience of the parties and witnesses. In this part of the transfer analysis, the court must weigh the following factors: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the witnesses, and (5) the convenience to the parties. *See Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017). The cumulative weight of these factors supports Defendant's request to transfer to Utah.

The first factor weighs slightly in favor of the Plaintiff. The plaintiff's choice of forum is "generally given substantial weight, particularly when it is the plaintiff's home forum." *Id.* However, plaintiff's preference is entitled to less deference when it is not connected to the material events or when another forum has a stronger relationship to the claim. *Id.* Here, Plaintiff's choice has some weight because it is incorporated in Illinois and has its principal place of business in Illinois. (Dkt. 1 at ¶ 3). However, Plaintiff's choice must receive less weight because "sales alone are insufficient to establish a substantial connection to the forum . . ." when the defendant's goods are sold and advertised nationwide. *See Kjaer*, 296 F. Supp. 3d at 930 (quoting *Anchor Wall Sys., Inc. v. R & D Concrete Products, Inc.*, 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999); *see also Bodum USA, Inc. v. Williams-Sonoma, Inc.*, No. 16 C 981, 2016 WL 3125003, at *1 (N.D. Ill. June 3, 2016) (where the sole basis for

13

Plaintiff's forum choice in trademark infringement suit was speculation that online sales were made to Illinois consumers, Plaintiff's choice received less weight in transfer analysis); *Weber-Stephen Prods., LLC v. Char-Broil, LLC*, No. 16 C 4483, 2016 WL 5871505, at *4 (N.D. Ill. Oct. 5, 2016) (holding that the connection between defendant's conduct and district was weak because the allegedly infringing product was sold nationwide and the trademark infringement thus occurred in several fora across the country). Therefore, Plaintiff's choice of the Northern District of Illinois weighs slightly against transfer.

The second factor weighs heavily in Defendant's favor. Many courts in this district identify the situs of material events in trademark infringement actions as the location "where allegedly infringing products are designed, manufactured and marketed." *Kjaer*, 296 F. Supp. 3d at 931 (citing *Restoration Hardware, Inc. v. Haynes Furniture Co. Inc.*, No. 16 C 10665, 2017 WL 2152438, at *3 (N.D. Ill. May 17, 2017). HK Parts is both incorporated and headquartered in Utah. (Dkt. 31-1 at ¶ 1). HK Parts's employees and officers are all located in Utah. (*Id.* at ¶ 12). Finally, all of HK Parts's products are designed and developed in Utah, as well as its marketing. (*Id.* at ¶ 13). Although some confusion as to the Defendant's products and Plaintiff's mark occurred in Illinois when the Illinois buyers received the product in Illinois, residents from other states, including Utah, could have experienced the same confusion because Defendant had shipped the infringing products nationwide. Therefore, the situs of material events factor weighs in favor of transfer.

The third factor, the relative ease of access to sources of proof, weighs slightly in favor of the Defendant. This factor focuses on documentary evidence. *Kjaer*, 296 F. Supp. 3d at 930. HK Parts's records are located in Utah but are likely to be available electronically. (Dkt. 31-1 at ¶ 6). This factor does not weigh in favor or against transfer when documents are electronic and may be accessed anywhere. *See Sunrise Bidders, Inc. v. GoDaddy Grp., Inc.*, No. 09 C 2123, 2011 WL 1357516, at *2 (N.D. Ill. Apr. 11, 2011). However, because trademark infringement suits typically focus on the alleged infringer's activities, and the infringer here has no offices or employees in Illinois, this factor favors slightly toward transfer to Utah. *See Kjaer*, 296 F. Supp. 3d at 932.

The fourth factor, the convenience of witnesses, is neutral. The movant, here Defendant, must "specify the key witnesses to be called and 'make at least a generalized statement of what their testimony would include.'" *Kjaer*, 296 F. Supp. 3d at 932 (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, 883. F.2d 1286, 1293 (7th Cir. 1989)). Some courts have concluded that a party must present actual evidence, such as through an affidavit, for a court to determine whether transfer is appropriate. *Moore v. Motor Coach Industries, Inc.*, 487 F. Supp. 2d 1003, 1007 (N.D. Ill. 2007). The convenience of party witnesses is less relevant than the convenience of non-party witnesses, since party witnesses normally must appear voluntarily. *Id.* at 1007–1008 (citation omitted). HK Part claims that all key witnesses, namely their employees and officers, are based in Utah. (Dkt. 31 at 9). HK Parts further claims that they do not believe any party or third-party witnesses reside in Illinois. (Dkt. 31-1 ¶ 15).

15

IMM Holding urges that this factor is neutral since flights are readily available between Utah and Chicago. (Dkt. 34 at 12). First, HK Parts has not met their burden of providing a list of witnesses and their anticipated testimony. Second, if all witnesses are party witnesses as HK Parts indicates, then they must appear voluntarily in any event. Because neither Illinois nor Utah are more convenient, this factor does not weigh in favor of either party.

The last factor is the convenience of the parties. This factor does not favor either party. It would be no less convenient for HK Parts to litigate in Illinois than it would be for IMM Holdings to litigate in Utah. *See Republic Technologies (NA), LLC v. BBK Tobacco & Foods, LLC*, 240 F. Supp. 3d 848, 853 (N.D. Ill. 2016) (holding that the final factor of the convenience prong was neutral because each party resided in their favorable forum).

Only the first factor weighs in Plaintiff's favor, while the second and third factor weigh for Defendant, and the third and fifth factors are neutral. Therefore, the convenience prong of the transfer analysis weighs in favor of transfer to Utah.

### iii.  Interests of Justice

In determining the interests of justice in a transfer analysis, a court must weigh the following factors: (1) the speed at which the case will proceed to trial, (2) the court's familiarity with applicable law, (3) the desirability of resolving controversies in each locale, and (4) the relation of each community to the occurrence at issue. *Kjaer*, 296 F. Supp. 3d at 930 (quoting *Hanover Ins. Co.*, 891 F. Supp. 2d at

1025). Most of these factors are neutral, except for the first factor, which weighs for Defendant.

The first factor weighs in favor of transfer. Regarding the speed at which the case will proceed to trial, the twelve-month period ending March 31, 2018 provides the last available data for both district courts. *See* (Dkt. 31 at 10); (Dkt. 34 at 13) (citing United States District Court–National Judicial Caseload Profile Statistics 2020, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2020.pdf). This data reveals that the median length of time between filing to trial for civil cases was thirty-four months for the Northern District of Illinois and about forty-four months for the District of Utah. *Id.* This weighs slightly in favor of Plaintiff. However, less congested court dockets and earlier trial prospects in the potential transferee court favor transfer. *Kjaer*, 296 F. Supp. 3d at 935 (citing *Weber-Stephen*, 2016 WL 5871505, at *5). This consideration causes the scales to tip in favor of the Defendant. According to the data, as of March 31, 2020, the District Court of Utah had 227 civil cases, 13.5% of which were over three years old. National Judicial Caseload Statistics, *supra*. The Northern District of Illinois, however, had 4,528 civil cases pending as of March 31, 2020, with 34% over three years old. This drastic difference in docket congestion of the two fora weighs in favor of transfer.

The remaining factors are neutral. Both district courts are familiar and capable of addressing the applicable federal law and Illinois law. *See Restoration Hardware*, 2017 WL 2152438, at *4 (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*

17

*for W. Dist. of Tex.*, 571 U.S. 49, 67 (2013) ("federal judges routinely apply the law of a State other than the State in which they sit.")). The Defendant suggests that Utah would have an interest in this matter as that jurisdiction would enforce injunctive relief if it is sought (Dkt. 31 at 10), but Plaintiff points out they would have to travel to enforce an injunction which would be a burden for them. (Dkt. 34 at 13). Plaintiff's argument once again goes to the convenience factor for them, but they would have to travel to enforce an injunction even if the case were not transferred. Given that the District of Utah would be required to play a role in the controversy in any event, it certainly has an interest in this matter. The interests of justice analysis thus weighs in favor of Defendant's motion to transfer.

For these reasons, the Court concludes that transfer to the District Court of Utah would serve the convenience of the parties and witnesses and the interests of justice.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss for lack of personal jurisdiction is denied. Defendant's Motion to Dismiss for improper venue is also denied. This Court grants Defendant's Motion to Transfer Venue to the District Court of Utah pursuant to 28 U.S.C. § 1404(a). The Clerk is directed to transfer the case to the District Court of Utah for all further proceedings forthwith.

_____
Virginia M. Kendall
United States District Judge

Date: September 22, 2020